**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **TYRONE HURT,**<br>    **Plaintiff,**<br>    vs.<br>**CORPORATION COUNCIL OFFICE** *et al.*,<br>    **Defendant(s).** | **Case No.: 12-CV-4737 YGR**<br><br>**ORDER DENYING APPLICATION TO PROCEED** ***IN FORMA PAUPERIS*** **AND DISMISSING COMPLAINT WITH PREJUDICE** |

The Court has received Plaintiff's Complaint and Application to Proceed *in Forma Pauperis*, both filed on September 11, 2012. The Court may authorize a plaintiff to commence an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security. 28 U.S.C. § 1915(a). The *in forma pauperis* statute also provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint is classified as "frivolous" where "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court concludes that Mr. Hurt has failed to state a claim on which relief may be granted. Plaintiff's Complaint consists of four handwritten pages that are largely illegible and generally incomprehensible where legible. Mr. Hurt appears to have brought suit against the Washington D.C. Metropolitan Police Department on the basis that it is not mentioned in the Federal Constitution and therefore is nonessential and should be eliminated. The Constitution, however, deals primarily with the structure of the federal government, not any state, city, or other local government. Accordingly, the fact that the Constitution says nothing about law enforcement is immaterial to the legality of its existence. Furthermore, to the extent Mr. Hurt seeks $1 million in damages from each employee D.C.

1 Metropolitan Police Department, he has failed to establish that the existence of the department has
2 caused him any monetary damage.
3 Where a litigant is acting *pro se* and the Court finds the litigant's Complaint frivolous within
4 the meaning of 28 U.S.C. § 1915(e)(2), the Court should give the litigant notice of the deficiencies in
5 the complaint and an opportunity to amend unless it is absolutely clear that the deficiencies of the
6 complaint could not be cured by amendment. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987);
7 *Eldridge v. Block*, 832 F.2d 1132, 1135-37 (9th Cir. 1987). Because "it is obvious that [Mr. Hurt]
8 cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend,"
9 the Court dismisses the case with prejudice. *Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000).
10 Accordingly, the **ORDERS** as follows:
11 1) Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.
12 2) Plaintiff's Application to Proceed *in forma pauperis* is **DENIED**.
13 3) This Order Terminates Docket Number 3.

**IT IS SO ORDERED.**
**Date: September 21, 2012**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**